NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FRANK STIEFEL and STIEFEL DOCKWEILER 597, LLC, | : : : | |
| Plaintiffs, | : : | **Hon. Dennis M. Cavanaugh** |
| v. | : : | **OPINION** |
| PRIVATE LABEL SOURCING, LLC and BRUCE ALLEN, | : : : | Civ. No. 10-2636 (DMC) (JAD) |
| Defendants. | : : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

     This matter comes before the Court upon the motion of Defendant Bruce Allen ("Allen") to dismiss the Complaint on the basis of lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and the cross-motion of Plaintiffs to transfer the action to cure want of jurisdiction pursuant to 28 U.S.C. § 1631. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Allen's motion is denied and Plaintiffs' cross-motion to transfer is granted.

## I.  BACKGROUND[1]

     Plaintiffs filed the present action to recover unpaid rent, leasehold expenses, and other damages owed to them under the terms of a written commercial lease agreement between Plaintiff Frank Stiefel ("Stiefel") and Defendant Private Label Sourcing, LLC ("PLS") and a written guaranty agreement between Stiefel and Allen (the "Guaranty"). Pls.' Br. 3. Both of these agreements

---

[1] The facts in the Background section have been taken from the parties' submissions.

concern a condominium building located in Manhattan.  Id.  The Guaranty signed by Allen contained the following language: "This Guaranty shall be interpreted in accordance with the laws of the State of New York.  Guarantors agree to submit to the jurisdiction of the State of New York."  Stiefel Certif., Ex. B. ¶ 7.

Plaintiffs filed their Complaint on May 21, 2010 and alleged Allen to be a resident of Montclair, New Jersey.  Compl. ¶ 8.  While Allen held title to a home in Montclair from September 2004 until April 28, 2010, less than a month before the filing of the Complaint he acquired property in Florida and subsequently made Florida his permanent place of residence.  Pls.' Br. 8.  As such, Allen was issued a Florida driver's license on May 14, 2010, and registered his vehicle in the state on May 21, 2010.  Id.  He claims that he has been living in Florida continuously since September 2009 and that prior to the sale of his Monclair home, he filed New Jersey taxes as a non-resident. Def.'s Br. 3.

At dispute for the purposes of the present motion is whether this Court has personal jurisdiction over Allen or whether the interests of justice dictate that this matter should be transferred to the Southern District of New York.

## II.  STANDARD OF REVIEW

A district court may exercise jurisdiction over a nonresident defendant to the extent permitted by the law of the state where the district court sits.  See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) ("A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law.").  "New Jersey's long arm statute confers jurisdiction over nonresidents to the extent allowed under the United States Constitution."  Horton v. Martin, 133 Fed.

Appx. 859, 860 (3d Cir. June 15, 2005).  The Fourteenth Amendment of the United States Constitution "limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436-37 (3d Cir. 1987) (citation and internal quotations omitted).

For a court to exercise jurisdiction over a defendant, the defendant must have specific or general contacts with the forum.  See Horton, 133 Fed. Appx. at 860.  General jurisdiction exists when the defendant has "continuous and systematic conduct in the forum that is unrelated to the subject matter of the lawsuit." Associated Bus. Tel. Sys. Corp. v. Danihels, 829 F. Supp. 707, 711 (D.N.J. 1993).  Specific jurisdiction exists "when the particular cause of action at issue arose out of the defendant's contacts with the forum." Id.  "Once a defendant raises the defense of lack of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Horton, 133 Fed. Appx. at 860.  While "[a] court must accept as true the allegations in the complaint and resolve disputed issues of fact in favor of the plaintiff. . . . the plaintiff cannot rely on the pleadings alone but must provide actual proofs." Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004).  If minimum contacts are established, "the burden shifts to the defendant, who must show that the assertion of jurisdiction would be unreasonable." Id.

## III. <u>DISCUSSION</u>

A. Personal Jurisdiction

Allen argues that the Court has neither specific nor general jurisdiction over him.  The Court agrees.  There is no allegation that there was any basis for Allen to believe that any dispute related to the commercial leasehold would cause him to be subject to jurisdiction in New Jersey. The lease was for a property in New York and the Guaranty specified that New York law would apply for any breach of that agreement and that venue would be proper in New York.  Therefore, there was not at least one deliberate contact with New Jersey that relates to the cause of action. There is also not general jurisdiction over Allen because Allen ended his contact with New Jersey prior to the filing of the Complaint, and for reasons that had nothing to do with this action.  As of the filing of the Complaint, Allen did not own any property in New Jersey and he had been living and working in Florida for over six months.  Def.'s Br. 9; Def.'s Reply Br. 5.  Allen has no bank accounts in New Jersey and no assets in this state since he sold his residence in Montclair. Def.'s Br. 3.  Accordingly, the Court cannot find that Allen's contacts with New Jersey have been continuous and systematic such as would give rise to general jurisdiction.

B. Transfer Under 28 U.S.C. § 1631

When a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."  28 U.S.C. § 1631. Plaintiffs cross-move for transfer of this action to the Southern District of New York, noting that venue is proper there on the basis of a forum selection clause in the Guaranty.

A forum selection clause is presumptively valid and enforceable unless the objecting party "establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see also The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).

There is absolutely no evidence or argument of fraud or overreaching with regard to the Guaranty and Allen does not assert that litigating in New York would be unreasonable. See Def.'s Reply Br. 10 ("Mr. Allen may have anticipated being hauled into New York for the cause of action."). The Court, therefore, finds that venue is appropriate in the Southern District of New York and that transfer to that district is warranted in the interest of justice.

## IV.  CONCLUSION

For the reasons stated, Defendant's motion to dismiss for lack of personal jurisdiction is denied and Plaintiffs' cross-motion to transfer this matter to the Southern District of New York is granted.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        March  31 , 2011

Orig.:        Clerk
cc:            All Counsel of Record
                Hon. Joseph A. Dickson, U.S.M.J.
                File

-5-